UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DISTRICT. COURT
AT LYNCHBURG, VA
FILED

MAR 13 2026

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

CHARLES KING,
Plaintiff,

v.

SHERIFF MIKE TAYLOR, in his individual and official capacities;
DEPUTY TIMOTHY EANES, in his individual capacity;
DEPUTY G.A. HARLESS, in his individual capacity;
HAROLD D. HOPPER, private actor acting jointly with state officials;
PRESLEY PRUITT, private actor acting jointly with state officials;
WARREN L. SHELTON, private actor acting jointly with state officials;
FRED SHANKS, private actor acting jointly with state officials;
SHANKS ASSOCIATES, P.C.; acting jointly with state officials;
TYLER HOPPER, private actor acting jointly with state officials;
ROBERTO (full name unknown), private actor acting jointly with state officials;
JOHN DOES 1–10,

Defendants.

Civil Action No. 6:26CV00026

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(42 U.S.C. §§ 1983, 1985, 1986; 42 U.S.C. §12132; 18 U.S.C. §§ 1961–1964; Virginia Law)

INTRODUCTION

1. Plaintiff brings this civil-rights action arising from unlawful seizure of property, state-assisted trespass, enforcement of a void instrument, selective enforcement, retaliation, conspiracy between private actors and law enforcement, and disability-based indifference during law-enforcement activity.

2. Defendants acted jointly to escort heavy machinery onto Plaintiff's land, remove and disturb property markers, threaten arrest without lawful authority, rely upon a void instrument, and facilitate unauthorized surveying of Plaintiff's recorded easement.

3. These acts occurred despite publicly recorded instruments establishing Plaintiff's ownership and exclusive maintenance authority over the easement and roadway at issue.

4. Plaintiff seeks damages, declaratory relief, and injunctive relief for violations of his constitutional and statutory rights.

## JURISDICTION AND VENUE

5. This action arises under 42 U.S.C. §§ 1983, 1985, 1986; 42 U.S.C. §12132; and 18 U.S.C. §§ 1961–1964.

6. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper under 28 U.S.C. § 1391(b) because all events occurred in Pittsylvania County, Virginia.

## PARTIES

8. Plaintiff Charles King resides in Pittsylvania County, Virginia.

9. Sheriff Mike Taylor is the final policymaker for law enforcement in Pittsylvania County and is sued in both his individual and official capacities.

10. Deputies Shane Timothy and G.A. Harless acted under color of state law.

11. Hopper, Pruitt, Shelton, Shanks, Shanks Associates, Tyler Hopper, Roberto, and John Does 1–10 acted jointly with state actors in the conduct described herein.

## PLAINTIFF'S DISABILITY

12. Plaintiff is a qualified individual with a disability under 42 U.S.C. §12102.

13. Plaintiff has undergone amputation and uses a prosthetic limb, substantially limiting mobility and balance.

14. Deputies observed and were aware of Plaintiff's prosthetic limb during enforcement actions.

## FACTUAL ALLEGATIONS

15. Plaintiff holds fee-simple title to real property in Pittsylvania County, Virginia, including a recorded easement corridor appurtenant to his 1.183-acre parcel.

16. The easement was established by Deed Book 674, Pages 413–415, and expanded by the Maintenance Agreement recorded at Deed Book 680, Pages 733–734.

17. The Pruitt deed expressly contains a "SAVE AND EXCEPT" clause excluding the easement corridor from Pruitt's ownership.

18. No Defendant possesses any recorded ownership interest in the easement strip.

19. On August 25, 2025, Hopper initiated criminal proceedings against Plaintiff arising from use of the easement. The charge was dismissed on December 10, 2025.

20. Immediately thereafter, Hopper and Pruitt filed a civil action attaching Plaintiff's recorded deed and plat as exhibits.

21. On November 22, 2025, Deputies Eanes and Harless, acting under color of state law, escorted Hopper and heavy machinery onto Plaintiff's land.

22. During that intrusion, property markers and roadway materials were removed or disturbed while deputies were present.

23. Deputies threatened Plaintiff with arrest if he interfered.

24. No warrant or valid entered order authorized entry onto Plaintiff's property.

25. A document dated December 17, 2025 purporting to authorize surveying was never entered as an order of court and had no legal force.

26. On March 6, 2026, Fred Shanks entered Plaintiff's land and placed stakes within the easement corridor while referencing prior enforcement actions.

27. The controlling recorded instruments were publicly available, specifically identified in related litigation filings, mailed to Defendant Shanks, and hand-delivered to him on March 6, 2026 prior to or during the survey activity.

28. Despite this clarity, Defendants proceeded to facilitate continued intrusion and interference.

## RECORDED INSTRUMENT ADMISSIONS AND KNOWLEDGE

29. The property rights at issue are governed by recorded instruments including DB 674/413–415 and DB 680/733–734.

30. These instruments establish that the easement originates within Plaintiff's chain of title.

31. The recorded plat shows the easement running with Plaintiff's parcel.

32. The Pruitt deed excludes the easement via a SAVE AND EXCEPT clause.

33. In state-court filings, private Defendants attached these instruments as exhibits.

34. In injunction filings, Plaintiffs represented that the maintenance agreement and easement were granted to the owner of Mr. King's parcel.

35. These filings constitute admissions that the easement and maintenance rights benefit Plaintiff's parcel.

36. Defendants proceeded despite recorded clarity.

## CLAIMS FOR RELIEF

## COUNT I — Fourth Amendment Unlawful Seizure (§1983)

37. Plaintiff incorporates ¶¶1–36.

38. Deputies facilitated seizure and destruction of property without warrant or lawful authority.

39. The seizure was unreasonable.

### COUNT II — Procedural Due Process (§1983)

40. Plaintiff incorporates ¶¶1–39.

41. Plaintiff was deprived of property without valid process or entered order.

### COUNT III — Substantive Due Process (§1983)

42. Plaintiff incorporates ¶¶1–41.

43. Defendants' conduct was arbitrary and conscience-shocking.

### COUNT IV — Equal Protection (§1983)

44. Plaintiff incorporates ¶¶1–43.

45. Deputies selectively empowered private actors while refusing to protect Plaintiff's property.

### COUNT V — First Amendment Retaliation (§1983)

46. Plaintiff incorporates ¶¶1–45.

47. Defendants escalated enforcement after Plaintiff asserted deed rights.

### COUNT VI — State-Created Danger (§1983)

48. Plaintiff incorporates ¶¶1–47.

49. Deputies increased danger by escorting heavy machinery and threatening arrest while aware of Plaintiff's disability.

50. These actions created a foreseeable risk of harm.

### COUNT VII — Failure to Intervene (§1983)

51. Plaintiff incorporates ¶¶1–50.

52. Deputies failed to stop known constitutional violations.

### COUNT VIII — Supervisory Liability

53. Plaintiff incorporates ¶¶1–52.

54. Sheriff Taylor failed to supervise and correct unconstitutional conduct.

## COUNT IX — §1983 Conspiracy

55.Plaintiff incorporates ¶¶1–54.

56.Defendants agreed to deprive Plaintiff of constitutional rights through coordinated filings and enforcement.

## COUNT X — §1985(3)

57.Plaintiff incorporates ¶¶1–56.

58.Defendants conspired to deprive Plaintiff of equal protection and property rights, motivated at least in part by discriminatory animus toward Plaintiff as a disabled individual.

## COUNT XI — RICO (18 U.S.C. §1962(c))

59.Plaintiff incorporates ¶¶1–58.

60.Defendants formed an association-in-fact enterprise affecting interstate commerce.

61.The enterprise engaged in a pattern of racketeering activity including misuse of judicial process, mail fraud, and extortion under color of official right.

## COUNT XII — Virginia Civil Conspiracy

62.Plaintiff incorporates ¶¶1–61.

63.Defendants combined to injure Plaintiff's property interests.

## COUNT XIII — Trespass Under Color of Law

64.Plaintiff incorporates ¶¶1–63.

65.Defendants entered Plaintiff's land under color of law.

## COUNT XIV — Municipal Liability (Monell)

66.Plaintiff incorporates ¶¶1–65.

67.Sheriff Taylor is the final policymaker.

68.Deputies acted pursuant to official authority.

69.Failure to train deputies to verify recorded instruments and lawful orders constitutes deliberate indifference.

70.The November 22 seizure, reliance on private assertions without verification, and subsequent reliance upon a void instrument constitute ratification, custom, and policy.

## COUNT XV — Title II ADA

71.Plaintiff incorporates ¶¶1–70.

72.Plaintiff is a qualified individual with a disability.

73.Deputies were aware of Plaintiff's prosthetic limb.

74.Defendants failed to provide reasonable accommodation and escalated enforcement in a manner increasing physical risk.

75.Plaintiff was subjected to discrimination by reason of disability.

## DAMAGES

76.Plaintiff seeks compensatory damages in an amount to be determined by the jury.

77.Plaintiff further seeks punitive damages against individual Defendants, treble damages where permitted by law, statutory damages, attorney's fees under 42 U.S.C. §1988, costs, and interest.

## INJUNCTIVE AND DECLARATORY RELIEF

78.Plaintiff seeks an injunction prohibiting Defendants from entering or interfering with Plaintiff's land absent lawful warrant or valid entered court order.

79.Plaintiff seeks declaratory relief recognizing Plaintiff's constitutional protections against state-enabled property seizure and enforcement of void or non-entered judicial instruments.

## JURY DEMAND

80.Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Charles King, Pro Se

Charles King
2395 Gravel Hill Road
Cascade, VA 24069
434-483-7055
Date: 3/n/2 6