CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

7/15/2026

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| CHARLES KING, | CASE NO. 6:26-CV-00026 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION & ORDER |
| SHERIFF MIKE TAYLOR, ET AL., | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Plaintiff Charles King ("King")—a landowner in Pittsylvania County—is suing local police officers and private citizens (presumably his neighbors and their contractors) for bringing heavy equipment onto the road he uses to access his property. Dkt. 6 ¶¶ 2, 15. He claims the police unlawfully seized the roadway in violation of the Fourth Amendment and otherwise violated his due process rights, and that the other Defendants illegally trespassed on the roadway. *Id.* at 1–4. Defendants have moved to dismiss, arguing that King lacks standing and that he fails to state § 1983 and trespass claims because he does not own the roadway and has no right to exclude the heavy equipment from using it. Dkts. 25, 28. King opposes dismissal. Dkts. 31, 32. For the reasons that follow, King's amended complaint will be dismissed without prejudice.

## I.      BACKGROUND

King claims Defendants illegally seized and/or trespassed on his property by bringing heavy equipment across the roadway. Dkt. 6. Specifically, he claims "Deputies Eanes and Harless, acting under color of state law, escorted Defendants and heavy machinery onto Plaintiff's property and/or easement area," *id.* ¶ 15, which removed or disturbed "property markers and roadway materials." *Id.* ¶ 16.

The deed that conveyed King's parcel to his predecessors on September 28, 1979, provides

that:

> [T]his conveyance is being made together with the right of ingress
> and egress at all times hereafter in said parties of the second part and
> their successors in title over and across said farm road, as shown on
> said map, to and from the property hereinabove described and the
> Virginia Secondary Road No. 871.

Dkt. 25-1 at 1. Moreover, on January 25, 1980, the relevant property owners—including the King's

predecessors in ownership—entered into an easement agreement, which provides:

> [T]he parties to this Agreement represent all of the property owners
> adjoining a certain 15-foot farm road running from Virginia
> Secondary Road No. 871 as shown on Plat of Survey dated
> September 21, 1979, records in Deed Book 674, at page 415 . . . and
> have established an easement of ingress and egress along said farm
> road for the benefit of its adjoining property owners. . . and wish to
> extend the width of said easement to 30 feet.

*Id.* at 3. In the easement agreement, the parties further agreed that "each party grants and conveys

to the other a perpetual easement of ingress and egress along a 30-foot roadway which is comprised

of the existing farm road," and "responsibilities for repair and maintenance of said roadway shall

be determined by mutual agreement, there being no intention at this time to assign responsibilities

for such repair and maintenance to either of the parties hereto." *Id.* Defendants provided the plat

showing King's property and the easement in dispute. *See* Figure 1.

## II.    LEGAL STANDARDS

Ordinarily, at the motion to dismiss stage, courts are constrained to the four corners of the

complaint. *E.g.*, *True, Inc. v. Page One Sci., Inc.*, 457 F. Supp. 2d 688, 690 (E.D. Va. 2006).

However, the Court can consider extraneous documents when: (1) Defendants raise a factual

challenge to jurisdiction, *see Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017), or (2) the

complaint incorporates certain documents by reference, *see Phillips v. LCI Int'l, Inc.*, 190 F.3d

2

609, 618 (4th Cir. 1999). Here, both conditions are satisfied for considering extraneous information because: (1) Defendants are factually attacking this Court's jurisdiction, and (2) King's amended complaint explicitly references property instruments and maintenance agreements located in Pittsylvania County Deed Book 674, Pages 413–415 and Deed Book 680, Page 733–734. Dkt. 6 ¶ 14. Defendants have produced these public records showing that King has no ownership interest in the roadway but instead has an ingress/egress easement. Dkts. 25-1, 29-1.

### III.    ANALYSIS

To begin with, King has not alleged deprivation of a constitutional or federal statutory right (*i.e.*, an injury-in-fact) based on the sole fact that police escorted the heavy equipment across the easement. As noted above, the property records show that King only has the right to ingress and egress and does not have the right to exclude others (including the fee simple owner) from utilizing the roadway. Dkts. 25-1 (deed and easement maintenance agreement), 29-1 (plat showing King's parcel and the easement). King has not alleged that a public official interfered with this limited right to enter and exit his property using the easement.[1]  Therefore, as of now, he lacks standing to bring his § 1983 claim against Pittsylvania County law enforcement officers because he has not alleged a cognizable injury to his narrow property interest. *United States v. 129.97 Acres Of Land*, 118 F. App'x 407, 409 (10th Cir. 2004) ("[T]his court has finally decided that Mr. Jenkins has no ownership interest in the subject property and lacks standing to participate in any litigation concerning it.").

---

[1]     If King can allege that a public official interfered with his right to ingress or egress, *see Presley v. City Of Charlottesville*, 464 F.3d 480, 487 (4th Cir. 2006), he may file a second amended complaint to raise that Fourth Amendment issue. *Cf. Burgan v. Nixon*, 711 F. App'x 855, 857 (9th Cir. 2017) (suggesting that a party may have a "possessory interest" in an easement sufficient to state a Fourth Amendment seizure claim).

Moreover, because the fee simple owner or any other individual with ingress/egress rights could authorize the heavy equipment (and the law enforcement escort) to use the roadway and because King had no right to exclude the heavy equipment or the law enforcement escort, he cannot claim a trespass or that his limited property interest was seized based on the limited facts in the amended complaint. *Cf. United States v. Johnson*, 148 F.4th 287, 295 (4th Cir. 2025) (explaining that, generally, you must have a right to exclude someone from property before the Fourth Amendment is triggered); *Virginia Marine Res. Comm'n v. Chincoteague Inn*, 757 S.E.2d 1, 8 (2014) (holding that a plaintiff must have the right to exclude to claim a trespass); *Grano v. Rappahannock Elec. Coop.*, 552 F. Supp. 3d 563, 571 (W.D. Va. 2021) (noting the right to exclude is the paramount property right).  Simply put, his § 1983 and trespass claims, as alleged, fail as a matter of law because he did not have the right to exclude his neighbors, their agents, or the police from using the roadway.[2]

To the extent King argues that his neighbors violated the easement maintenance agreement by hiring contractors who damaged the roadway, King's path forward is to sue his neighbors in state court for breach of the maintenance agreement. However, absent a federal question (*e.g.*, a viable § 1983 claim) or diversity jurisdiction, this federal court will not adjudicate whether King's neighbors and their contractors violated the maintenance agreement by damaging the roadway. That is a question for the Pittsylvania Circuit Court.

### IV.    CONCLUSION

Because King lacks standing to assert a § 1983 claim and has otherwise failed to state § 1983 or trespass claims, his amended complaint must be dismissed. Accordingly, Defendants'

---

[2]    Again, if King's neighbors or the police had placed a barrier in the middle of the easement—blocking his right to ingress and egress—this would be a different case because his narrow property right would be implicated.

motions to dismiss (Dkts. 25, 28) are **GRANTED** and the first amended complaint is **DISMISSED**

**WITHOUT PREJUDICE**.

The Clerk shall close this case and mail a copy of this Memorandum Opinion & Order to

all counsel of record and to Plaintiff at his last known address.

IT IS SO ORDERED.

Entered this __15th__ day of July, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

**FIGURE 1:**



6